Anita T. Shipp, Widow of Frank Shipp, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Sanctis Construction Co. and Commonwealth of Pennsylvania), Respondents.

Submitted on briefs October 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioners.

*Thomas D. Gould,* Assistant Counsel, for respondents.

OPINION BY JUDGE DOYLE, December 23, 1983:

Petitioner, Anita T. Shipp, appeals an Order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of compensation benefits for the duration of Petitioner's widowhood.

On March 11, 1968, Petitioner's husband suffered a work-related death. Under the provisions of Section 307 of The Pennsylvania Workmen's Compensation Act (Act)[1] in effect at the time of death, Petitioner was awarded $34.00 per week for a period of 500 weeks.

In 1975, Section 306(h)[2] was added to the Act providing, in pertinent part:

> Any person receiving compensation under sections 306(a), 306(d), 306(c)(23), or section 307, as a result of an accident which occurred prior to the effective date of the amendatory act of January 17, 1968 (P.L. 6, No. 4) shall have the compensation rate adjusted to the level they would have received had the injury occurred on the effective date of the amendatory act of January 17, 1968 (P.L. 6, No. 4) and had the injured employe been earning wages equal to ninety dollars ($90) per week.

The effective date of the amendatory act of January 17, 1968, was March 17, 1968. Pursuant to Section 306(h), Petitioner's compensation was increased from $34.00 to $39.00 per week. Petitioner received this weekly payment until the end of the 500 week period, at which time compensation ceased. Plaintiff filed a petition with the Bureau of Workers' Compensation, claiming that her weekly benefits should continue throughout her lifetime under the amenda-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562.

[2] Added by Section 11 of the Act of December 5, 1974, P.L. 782, 77 P.S. §583.

tory act of January 17, 1968, which provided for this additional period of compensation. The referee's order granting continued benefits was reversed by the Board, and Petitioner appeals. We affirm.

Section 306(h) of the Act provides only that the *rate* of compensation be adjusted to the level in effect on March 17, 1968. There is nothing in the language of this section which would also adjust the *duration* of benefits in the same manner. There is no dispute that Petitioner's rate of compensation was correctly increased pursuant to Section 306(h). As Petitioner was not additionally entitled to an increased period of compensation under this section, her compensation was correctly terminated at the end of 500 weeks, the period in effect at the time of her husband's death.

Accordingly, we affirm the Order of the Board.

### ORDER

Now, December 23, 1983, the Order of the Workmen's Compensation Appeal Board in the above referenced matter, dated October 21, 1982, is hereby affirmed.